IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARVEY E. POWERS,

                        Petitioner,                    OPINION AND ORDER

    v.

                                                     17-cv-162-wmc

LOUIS WILLIAMS, II, Warden,
Federal Correctional Institution – Oxford,

                        Respondent.

---

In 2000, petitioner Harvey Powers was convicted after a jury trial in the Eastern District of Wisconsin of: (1) conspiring to participate and participating in a racketeering enterprise; (2) conspiring to possess with the intent to distribute drugs, and (3) transporting explosives in interstate commerce with knowledge and intent that it would be used to kill, injure and intimidate another individual, as well as unlawfully damage and destroy a vehicle and other real and personal property. Powers was later sentenced to concurrent terms of life in prison on the RICO counts, 240 months' confinement on the drug charge, and 120 months' confinement on the transporting explosives charge. *United States v. O'Neill et al.*, No. 97-cr-98, dkt. #1737 (E.D. Wis. Dec, 20, 1998).

After exhausting his direct appeal, Powers filed a petition for habeas corpus relief under § 2241, arguing that the Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204, 134 S. Ct. 881 (2014), invalidated his life sentence. Specifically, Powers argues that because the jury was allowed to consider the conduct of other members of the criminal enterprise with respect to racketeering acts resulting in death, he is entitled to collateral

relief. For the reasons that follow, the court disagrees and Powers' petition will be dismissed.

## FACTS[1]

### A. Powers' Conviction and Sentence

On November 10, 1998, Powers and 16 other defendants were charged in a multi-count superseding indictment with, among other charges, numerous violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"). *See United States v. O'Neill et al.*, No. 97-cr-98, dkt. #793 (E.D. Wis. Nov. 10, 1998). Most defendants were ultimately found by a jury to be members and associates of the Chicago Region of an international criminal organization known as the "Outlaws Motorcycle Club," whose members and associates engaged in acts of: violence, including murder, robbery and arson; narcotics trafficking; trafficking in stolen motor vehicles and motor vehicle parts; interstate transportation of stolen property; and the sale, purchase and passing of counterfeit United States currency.

Specifically, Powers was charged with: participation in an enterprise engaged in racketeering activity in violation of 18 U.S.C. § 1962(c); conspiring to participate in such an enterprise in violation of 18 U.S.C. § 1962(d); conspiring to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2; and two counts of transporting explosives in interstate commerce with knowledge and intent that

---

[1] The following facts are taken from the pleadings and materials from Powers' underlying criminal case, as well as his other motions for post-conviction relief.

it would be used to kill, injure and intimidate another individual and unlawfully damage and destroy a vehicle and other real and personal property, in violation of 18 U.S.C. § 844(d). Even more specifically, Powers was named as a defendant in racketeering acts involving the deaths of four individuals: Lamonte Mathias, Roger Fiebrantz, Michael Coyne, and Jerry Bokina. *See id.*, dkt. #793, at 27-30.

In February of 2000, the district court severed Powers from the other defendants and appointed him a new attorney. Powers' jury trial commenced on September 7, 2000, and on September 27, 2000, the jury found him guilty on the racketeering and conspiracy counts, as well as one of the counts of transporting explosives with intent to kill, injure and intimidate. However, the jury found him not guilty on the second count of transporting explosives.

The Presentence Investigation Report ("PSR") prepared by the probation office recommended a sentence of life in prison under 18 U.S.C. § 1963, which authorizes a maximum life sentence if the criminal activities comprising the racketeering claim results in a life sentence. This recommendation was made based on the jury's finding that Powers conspired to kill and, indeed did kill, another individual in violation of 720 ILCS 5/9-1(a)(1), 5/8-2(a), 5/5-1. Powers objected to the life sentence only, arguing that Illinois first degree murder allows for a life sentence if the judge finds the defendant's conduct was exceptionally brutal or heinous behavior indicative of wanton cruelty or that any of the death penalty qualifying factors are present.

On December 20, 2000, the district court rejected Powers' objections and sentenced Powers to life in prison on each of the racketeering counts, 240 months confinement on the drug charge, and 120 months confinement on the transporting explosives charge. All of those sentences were to run concurrently, resulting in a total term of life imprisonment.

B.  **Appeal and post-conviction motion**

On direct appeal, the Court of Appeals for the Seventh Circuit affirmed all of Powers' convictions. *United States v. Warneke*, 310 F.3d 542, 545 (7th Cir. 2002). Of relevance to Powers' challenge here, the court rejected Powers' challenge based on the the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In that case, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Noting that Powers was tried and convicted after the Supreme Court issued that decision, the Seventh Circuit rejected any argument that *Apprendi* applied to this case because

> the jury was asked to (and did) determine beyond a reasonable doubt whether the circumstances that raised the maximum punishment to life imprisonment had been established. That approach satisfied the due process clause, even though the indictment did not include all of the details that potentially affected the sentence. *See United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781, 1785-87, 152 L.Ed.2d 860 (2002); *United States v. Smith*, 308 F.3d 726, 739-42 (7th Cir. 2002).

On May 17, 2004, Powers then filed a "motion to vacate" pursuant to 28 U.S.C. § 2255, raising fourteen grounds for relief. On July 11, 2007, the Eastern District of

4

Wisconsin rejected each of these grounds, as well as denied him a certificate of appealability. *Powers v. United States*, No. 04-cv-471, dkt. #21 (E.D. Wis. July 11, 2007). Among the rejected grounds for relief was another argument that the United States Supreme Court's decision in *Apprendi*, as well as now *Jones v. United States*, 526 U.S. 227 (1997), supports dismissal of the indictment. As in *Apprendi*, the Supreme Court in *Jones* held that each element of an offense must be charged in the indictment, and proven by the government beyond a reasonable doubt, and submitted to a jury. In rejecting Powers' renewed arguments, Judge Stadtmueller recognized that the Seventh Circuit had concluded in Powers' direct appeal that the requirements of *Apprendi* were satisfied during his trial. *Powers*, No. 04-cv-471, dkt. #31, at 7. While the Seventh Circuit nevertheless granted Powers' request for a certificate of appealability and considered Powers' ineffective assistance of counsel arguments, it ultimately denied his appeal. *Powers v. United States*, No. 08-1407 (7th Cir. Oct. 21, 2009). Powers' petition for a rehearing *en banc* was also denied.

OPINION

To collaterally attack a conviction or sentence, a federal prisoner must ordinarily file a motion under 28 U.S.C. § 2255. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). If a prisoner has filed one § 2255 motion, he must obtain permission from the court of appeals before he may file a second or successive motion. 28 U.S.C. § 2255(h). Under certain circumstances, however, a federal prisoner "may petition under section 2241


instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). For this reason, subsection (e) has become known as § 2255's "savings clause."

The Seventh Circuit has established three conditions that must be present before a petitioner can proceed under § 2241 pursuant to this "inadequate or ineffective" exception or savings clause. First, the petitioner must be relying on a new statutory-interpretation decision -- rather than on a constitutional case -- because § 2255 offers relief to prisoners who rely on new constitutional cases. Second, the petitioner must be relying on a decision that provides for *retroactive* collateral review *and* that he could not have invoked in his original § 2255 petition. Third, the error that the petitioner identifies must be grave enough to be deemed a miscarriage of justice. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

Here, Powers has satisfied the first condition because he has identified a new case of statutory interpretation: *Burrage v. United States*, 571 U.S. 204, 134 S. Ct. 881 (2014). In *Burrage*, the defendant was charged and found guilty of distribution of heroin with death resulting from the use of that heroin. At trial, however, evidence had showed that the victim might have died even if he had not taken the heroin sold by the defendant. Specifically, the evidence showed the victim had been on a drug bender and had multiple drugs from various sources in his body at the time of death. The defendant argued that he could only be convicted of the enhanced charge upon proof that the heroin he sold the victim was a "but for" cause of death. The district court accepted the government's jury

6

instruction, however, which required only that the jury find the heroin was a "contributing cause" of death. The jury convicted, and the appellate court affirmed his conviction.

In reversing, the Supreme Court held that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id.* at 892. The Supreme Court defined "but for" as requiring "proof that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct." *Id.* at 887, 892. This holding was dispositive in *Burrage* because no expert was willing to opine that the victim would have died from the heroin use alone, even though it was clear that the heroin contributed to an overall effect that caused the victim to stop breathing and die. *Id.* at 885, 890. Plus, the Seventh Circuit has directed that this new statutory interpretation in *Burrage* is to be applied retroactively on collateral review. *See Krieger v. United States*, 842 F.3d 490, 504 (7th Cir. 2016).

Nonetheless, Powers' claim for relief fails for two reasons. *First*, Powers cannot proceed under § 2241 because he could have brought a *Burrage*-type argument earlier, either in his direct appeal or his initial § 2255 motion. Specifically, he could have argued that there was insufficient evidence from which the trier of fact could find that his actions were the "but-for" cause of another's death. In particular, Powers has not shown, or even suggested, that such an argument was *foreclosed* by binding Supreme Court or Seventh

7

Circuit precedent.[2] *See Montana*, 829 F.3d at 784 ("... the second prong is satisfied if 'it would have been futile' to raise a claim in the petitioner's original 'section 2255 motion, as the law was squarely against him.'" (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc))); *see also Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (argument must be "foreclosed" by precedent, as distinct from being merely "novel").

Here, Powers argues only that the law was unclear before *Burrage*. As the Seventh Circuit has explained, however, "lack of clarity in the law" is not sufficient to prevent a defendant from raising an argument on direct appeal or in a § 2255 motion. *See Prevatte v. Merlak*, 865 F.3d 894, 898 (7th Cir. Aug. 1, 2017) (dismissing § 2241 petition because petitioner "could have made a *Burrage*-type argument, i.e., that there was not sufficient evidence to prove that the bomb was a but-for cause of death …, in his direct appeal or in his initial § 2255 motion. Such an argument was not foreclosed by circuit precedent.") Indeed, the Seventh Circuit recognized in *Camacho v. English*, 872 F.3d 811 (7th Cir. 2017), that *Burrage* did not create a new rule of statutory interpretation that a jury must decide any fact that increases minimum and maximum sentence. *Id* at 819. Rather, that concept "flows from *Appendi* and *Alleyne* [*v. United States*, 570 U.S. 99 (2013)]; *Burrage* merely applied it to the Controlled Substances Act." *Id*. at 814.

*Second*, Powers' implicit assumption that *Burrage* applies to his conviction and sentence is misplaced. The Seventh Circuit recognized that the Supreme Court's limited

---

[2] Nor has this court found any binding precedent that would have foreclosed a *Burrage*-type argument at the time Powers was originally sentenced.

8

holding in *Burrage* applied to a penalty enhancement under § 841(b)(1)(C). In *Camacho*, the Seventh Circuit was not persuaded that the "but for" requirement in *Burrage* applies to enhancements for convictions under the federal kidnapping statute, 18 U.S.C. § 1201(a), reasoning § 1201(a) "requires simply that 'the death of any person results;' meaning the specific cause of death is immaterial." 872 F.3d at 814.

Here, Powers was sentenced to life imprisonment under § 1963, which authorizes a maximum penalty of a life sentence if the predicate state criminal activity subjects the offender to a life sentence, and Powers does not even attempt to analogize § 841(b)(1)(C) considered in *Barrage* to the Illinois statutes that authorize a life sentence. Regardless, such an attempt would be futile, given the Seventh Circuit's reasoning in *Camacho* that *Burrage* cannot apply to a statute that makes the *cause* of death immaterial. Therefore, the statutory interpretation in *Burrage* does not even appear relevant to Powers' conviction and sentence.

Finally, to the extent that Powers is attempting to repurpose the *Apprendi*-based arguments he already raised in the Eastern District of Wisconsin and Seventh Circuit, that argument also fails. *See Krieger*, 842 F.3d at 499-500 ("The *Burrage* holding is not about who decides a given question (judge or jury) or what the burden of proof is (preponderance versus proof beyond a reasonable doubt). It is rather about *what* must be proved."). On this basis, Powers' *Apprendi* arguments must be rejected, and he cannot use *Burrage* to revive them. Accordingly, his motion under § 2241 will be denied.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability

when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because petitioner has not made a substantial showing of a denial of a constitutional right, no certificate will issue.

## ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Harvey Powers pursuant to 28 U.S.C. § 2241 is DENIED and this case is DISMISSED with prejudice.

2. No certificate of appealability will issue.

3. The clerk of court is directed to close this case.

Entered this 3rd day of March, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge